UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH W. WADE,

                Plaintiff,

              -v-

NEW YORK STATE OFFICE OF PLANNING,
DEVELOPMENT AND COMMUNITY INFRASTUCTURE,

                Defendant.

23 Civ. 4707 (PAE)

ORDER

---

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Joseph W. Wade ("Wade"), who is appearing *pro se*, brings this action under

Title VII of the Civil Rights Act, alleging that defendant New York State Office of Planning,

Development and Community Infrastructure ("OPDCI"), an office within New York State's

Department of State,[1] violated Title VII when it considered an individual's characteristics in its

requests for proposals ("RFP"). On June 13, 2023, the Court granted Wade's request to proceed

*in forma pauperis* ("IFP"), that is, without prepayment of fees. Dkt. 5.

As set forth below, the Court (1) construes the complaint as asserting official-capacity

claims against Secretary Robert J. Rodriguez of the New York State Department of State, under

the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

(2) dismisses the claims against OPDCI, under the Eleventh Amendment to the United States

Constitution; (3) directs the Clerk of Court to add as the Defendant, Secretary Rodriguez, under

Rule 21 of the Federal Rules of Civil Procedure; and (4) directs the Clerk of Court to effect

service on Secretary Rodriguez.

---

[1] OPDCI is an office within the New York State Department of State. *See* Department of States,
Funding and Bid Opportunities, https://dos.ny.gov/funding-bid-opportunities (last visited July 11,
2023).

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Courts construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). Although *pro se* pleadings are entitled to "special solicitude," *id.* at 475 (citation omitted), they must still allege a claim "that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim "facial[ly] plausibil[e] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a district court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor, *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir.2014), that tenet "is inapplicable to legal conclusions," *Iqbal*, 556 U.S. at 678. *Pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) (citation omitted); *Mostafa v. City of New York*, No. 13 Civ. 155 (PAE), 2014 WL 4354689, at *2 (S.D.N.Y. Sept. 2, 2014).

## BACKGROUND

Wade, through his company Owl Contracting, LLC, responded to an RFP "for a major state contract," for work to be performed in Manhattan. Dkt. 1 at 5. OPDCI informed Wade that

2

he was not awarded the contract. *Id.* at 8. Wade challenges the RFP's criteria, which includes a formula that considers an applicant's "diversity." *Id.* at 12. Specifically, the RFP awards two points, in a 100-point formula, based on responses to a "diversity practices questionnaire," that "will be scored in accordance with the established matrix." *Id.* Wade contends that because he is a white man, "it is impossible for my firm . . . to receive a perfect score of 100 points under my own volition." *Id.* at 10. He alleges that, "[f]or reasons of my race, color and gender, the highest score I can receive without pledging profits to another is 98 out of 100. A clear and transparent bias[ ] against, not my content of my character or quality of qualification but my physical characteristics." *Id.* Wade seeks money damages and "relief from bias." *Id.*

## DISCUSSION

Wade's claims do not arise under Title VII because Wade and defendant were not in an employee-employer relationship. 42 U.S.C.A. § 2000e (Title VII states that "[t]he term 'employee' means an individual employed by an employer[.]"); *see Felder v. United States Tennis Ass'n*, 27 F.4th 834, 838 (2d Cir. 2022) (where "a plaintiff is found to be an independent contractor and not an employee . . . the Title VII claim must fail").

Wade's claims also do not arise under 42 U.S.C. § 1981, which "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). Though Section 1981 provides a remedy for individuals asserting race discrimination in making and enforcing contracts, it "does not provide a separate private right of action against state actors." *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018). Because Plaintiff brings his claims against the State of New York, he must pursue any such claim under 42 U.S.C. § 1983. *See id.* at 619 (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)). Thus, the Court construes Wade's allegations, that defendant's consideration of an

3

applicant's "diversity" amounted to race- and gender-based discrimination, as asserting an equal protection claim under the Fourteenth Amendment, in violation of Section 1983. *See Jana-Rock Const., Inc. v. New York State Dep't of Econ. Dev.*, 438 F.3d 195, 204 (2d Cir. 2006) (discussing standards for Equal Protection claims).

For the following reasons, Wade cannot bring such a claim against OPDCI. Because he may bring suit for prospective injunctive relief against an individual state official, however, *see Ex Parte Young*, 209 U.S. 123 (1908) (holding that state officials are not immune under the Eleventh Amendment from official-capacity claims seeking prospective injunctive or declaratory relief), the Court also construes the complaint as asserting official-capacity claims against Secretary of State Robert J. Rodriguez, who oversees OPDCI.

## A.   Office of Planning, Development and Community Infrastructure

OPDCI is immune from liability in this action under the Eleventh Amendment. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."). "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Wade's Section 1983 claims against OPDCI are therefore barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## B.   Secretary Robert J. Rodriguez

In light of Wade's *pro se* status, and clear intention to assert claims against a New York State official, the Court construes the complaint as asserting official-capacity claims against

4

Secretary Robert Rodriguez ("Rodriguez") and directs the Clerk of Court to add as a defendant

Secretary Robert J. Rodriguez, in his official capacity, under Rule 21 of the Federal Rules of

Civil Procedure.  This addition is without prejudice to any defenses Rodriguez may wish to

assert.

## C.      Service on Secretary Rodriguez

Because Wade has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)).

The Court directs the Clerk of Court to complete and process a U.S. Marshals Service

Process Receipt and Return form ("USM-285 form") for this Secretary Robert J. Rodriguez.  The

Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all

necessary paperwork for the Marshals Service to effect service upon Rodriguez.

If the complaint is not served within 90 days after the date the summons is issued, Wade

should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir.

2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Wade must notify the Court in writing if his address changes, and the Court may dismiss

the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Wade may consider contacting the New York Legal Assistance Group's ("NYLAG")

Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic

staffed by attorneys and paralegals to assist those who are representing themselves in civil

lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the

court. It cannot accept filings on behalf of the court, which must still be made by any *pro se*

party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to

this order.

### CONCLUSION

The Court construes the complaint as asserting official-capacity claims against Secretary

Robert J. Rodriguez of the New York State of the Department of State and directs the Clerk of

Court to add as a defendant Secretary Robert J. Rodriguez, in his official capacity, under Rule 21

of the Federal Rules of Civil Procedure.

The Clerk of Court is further instructed to issue a summons for Secretary Robert J.

Rodriguez, complete the USM-285 form with the address for this defendant, and deliver all

documents necessary to effect service to the U.S. Marshals Service.

The Court dismisses Plaintiff's claims against OPDCI under the Eleventh Amendment.

*See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

6

SO ORDERED.

Dated:    August 1, 2023
          New York, New York

_Paul A. Engelmyer_
PAUL A. ENGELMAYER
United States District Judge

7

## DEFENDANT AND SERVICE ADDRESS

Secretary Robert J. Rodriguez
New York State Department of State
99 Washington Avenue
Albany, NY 12231



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.





Services Provided for Self-Represented Litigants in the Southern
District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

## Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

## Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 | https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&

