UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH WADE,

                      Plaintiff,

    -v-

ROBERT RODRIGUEZ, DAVID ASHTON, CATHERINE TRAINA, and LAURISSA GARCIA, in their official capacities,

                      Defendants.

CIVIL ACTION NO. 23 Civ. 4707 (PAE) (SLC)

**ORDER & ORDER OF SERVICE**

**SARAH L. CAVE,** United States Magistrate Judge.

    Plaintiff Joseph Wade ("Mr. Wade"), who is appearing pro se, originally brought this action under Title VII of the Civil Rights Act ("Title VII"), alleging that the New York State Office of Planning, Development and Community Infrastructure ("OPDCI"), an office within the New York Department of State, violated Title VII when it considered an individual's characteristics in its requests for proposals ("RFPs"). (See ECF Nos. 1 (the "Complaint"); 8). On August 1, 2023, the Honorable Paul A. Engelmayer issued an Order (i) "constru[ing] the Complaint as asserting official-capacity claims against Secretary Robert J. Rodriguez of the New York Department of State, under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution"; (ii) dismissing the claims against OPDCI under the Eleventh Amendment; (iii) directing the Clerk of Court to add Mr. Rodriguez as a Defendant under Rule 21 of the Federal Rules of Civil Procedure; and (iv) directing the Clerk of Court to effect service on Mr. Rodriguez. (ECF No. 8).

    On December 21, 2023, with the Court's permission (ECF No. 26), Mr. Wade filed the First Amended Complaint. (ECF No. 31 (the "FAC")). The FAC did not add any new parties as Defendants in the case caption (id. at 1), but appears to assert new official-capacity claims against

individuals David Ashton, Cath[e]rine Traina, and Laurissa G[]a[r]cia. (Id. at 9–10). Shortly thereafter, Mr. Wade filed a motion to add as Defendants Mr. Ashton, Ms. Traina, and Ms. Garcia. (ECF No. 41). Under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the Court may at any time, on just terms, add or drop a party." Accordingly, Mr. Wade's motion is GRANTED, and the Court construes the FAC to assert claims against Mr. Rodriguez, Mr. Ashton, Ms. Traina, and Ms. Garcia, in their official capacities.[1] The Clerk of Court is respectfully directed to amend the case caption accordingly and to close ECF No. 41.

Because Mr. Wade has been granted permission to proceed in forma pauperis ("IFP") (ECF No. 5), he is entitled to rely on the Court and the U.S. Marshals Service (the "U.S. Marshals") to effect service of the FAC.[2] Walker v. Schult, 717 F.3d 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("[t]he officers of the court shall issue and serve all process . . . in [IFP] cases"); Fed. R. Civ. P. 4(c)(3) (instructing that the court "must" order the U.S. Marshals to serve "if the plaintiff is authorized to proceed [IFP]"). The Court directs the Clerk of Court to complete and process a U.S. Marshals Service Process Receipt and Return form ("USM-285 Form") for Mr. Ashton, Ms. Traina, and Ms. Garcia. The Clerk of Court is further directed to issue summonses for Mr. Ashton, Ms. Traina, and Ms. Garcia, and to deliver to the U.S. Marshals all the paperwork necessary for the U.S. Marshals to effect service of the FAC upon the new Defendants.

---

[1] In the FAC and in Mr. Wade's motion to add parties (ECF Nos. 31; 41), he misspells Ms. Traina's first name and Ms. Garcia's last name. The case caption shall reflect the correct spellings of the individuals' names: Catherine Traina and Laurissa Garcia.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, here, the Court extends the time to serve until 90 days after the date the summons is issued.

If the FAC is not served within 90 days after the date the summonses are issued, Mr. Wade should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is plaintiff's responsibility to request an extension of time for service). Mr. Wade must notify the Court in writing if his address changes, and the Court may dismiss the action if Mr. Wade fails to do so. Mr. Wade is advised of his ability to seek free legal advice from the New York Legal Assistance Group's legal clinic by visiting its website at nylag.org/pro-se-clinic, or by calling 212-659-6190. This clinic is not part of or run by the Court and it cannot accept filings on behalf of the Court.

In sum, the Clerk of Court is instructed (i) to amend the case caption to add as Defendants Mr. Ashton, Ms. Traina, and Ms. Garcia, in their official capacities, and (ii) to complete the USM-285 Form with the addresses for Mr. Ashton, Ms. Traina, and Ms. Garcia below and deliver to the U.S. Marshals all documents necessary to effect service.[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: New York, New York
December 26, 2023

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

---

[3] The Clerk of Court is directed to deliver to the U.S. Marshals all documents necessary to effect service of the new Defendants at both addresses listed below.

3

**DEFENDANTS AND SERVICE ADDRESSES**

David Ashton, Catherine Traina, and Laurissa Garcia

New York Department of State
One Commerce Plaza, 99 Washington Avenue
Albany, NY 12231

New York Department of State
123 William Street
New York, NY 10038